IN THE UNITED STATES OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CONSTANCE SMITH                                                                         PLAINTIFF

vs.                                          NO. 4:08CV00097 BSM

USABLE                                                                                  DEFENDANT

**ORDER**

Plaintiff filed this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U. S. C. § 1001 *et seq.*, seeking to recover disability benefits.  An ERISA scheduling order was issued on February 27, 2008.  Plaintiff has requested that the court stay this action pending a decision by the Supreme Court in *MetLife v. Glenn*, 128 S. Ct. 1117 (2008).  Defendant takes no position on Plaintiff's motion, stating that it is likely that the court will use a *de novo* review.

In *MetLife*, the Supreme Court accepted certiorari to determine the appropriate standard of review when "an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest."  *Id.*  There is a split among the circuits as to whether a conflict of interest must be considered and weighed by the court.  The issue, however, arises only when the plan gives the plan administrator discretionary authority to interpret the terms of the plan and to determine benefits.  Where the plan administrator is given discretionary authority, the court reviews the decision under the arbitrary and capricious standard.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Defendant admits that the plan does not grant it discretionary authority.  Therefore, the court will review the claims administrator's decision under a *de novo* standard of

review. *Id.*

In light of Defendant's admission, the court is not persuaded that the pending Supreme Court decision will have any impact on its review of the claims administrator's decision in this case. Therefore, the court finds that there is no reason to stay this action. The parties should comply with the deadlines in the ERISA scheduling order.

Accordingly, the motion to stay (Doc. No. 6) is hereby denied.

IT IS SO ORDERED this 29th day of May, 2008.


_____
UNITED STATES DISTRICT JUDGE